UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS J. WAMBA,

                          Petitioner,

    v.

STATE OF WASHINGTON,

                          Respondent.

CASE NO. C19-0661-TSZ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 6.) Petitioner seeks to challenge his June 2018 conviction in Snohomish County Superior Court, for which he was sentenced on July 24, 2018. He indicates he filed a notice of appeal, that the appeal has not yet begun, and asserts no need to exhaust his state court remedies because the State of Washington lacks jurisdictional authority to adjudicate this matter.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The

REPORT & RECOMMENDATION
PAGE - 1

exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *Accord Picard v. Connor*, 404 U.S. 270, 275 (1971) (the exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan*, 526 U.S. at 845). *Accord James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court).

A review of petitioner's state court filings provides confirmation that his notice of appeal, filed on August 16, 2018, remains pending. *See* http://dw.courts.wa.gov (Washington Court of Appeals, Division I, Case No. 788230). Contrary to petitioner's contention, the state courts do have jurisdiction to adjudicate his claims on appeal and through a personal restraint petition. Moreover, as reflected above, petitioner's constitutional claims will not be eligible for review in this Court until he first gives both the Washington Court of Appeals and the Washington Supreme Court an opportunity to consider those claims.[1]

---

[1] Petitioner is further advised that, should he seek to pursue habeas relief following proper exhaustion of his claims, he must name the state officer having custody of him as the respondent to the

REPORT & RECOMMENDATION
PAGE - 2

Because plaintiff has not yet exhausted his claims, his habeas petition should be DENIED and this case DISMISSED without prejudice. The Court also concludes petitioner is not entitled to a certificate of appealability (COA) with respect to his claims. *See* 28 U.S.C. § 2253(c)(2) (COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."). A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 14, 2019**.

DATED this 23rd day of May, 2019.

Mary Alice Theiler
United States Magistrate Judge

---

petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id.* Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360.

REPORT & RECOMMENDATION
PAGE - 3